# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

IESHA NICOLE ARMSTRONG,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. TDC-19-0103
Criminal Action No. TDC-16-0601

## MEMORANDUM ORDER

On October 12, 2017, Petitioner Iesha Nicole Armstrong pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113 (a) and (d), and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence ("§ 924(c)"), in violation of 18 U.S.C. § 924(c). On February 9, 2018, Armstrong was sentenced to 84 months of imprisonment on the armed bank robbery conviction and a mandatory minimum, consecutive 84-month sentence on the § 924(c) conviction. Although Armstrong did not appeal her conviction or sentence, she has now filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In her Motion, Armstrong argues that in light of recent case law, specifically *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), her § 924(c) conviction must be vacated. She also claims that both convictions and sentences should be vacated based on ineffective assistance of counsel. The Motion is fully briefed, and the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2255 Proceedings for the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be denied.

## DISCUSSION

A prisoner in federal custody may move to vacate, set aside, or correct a sentence on the basis that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2018). The petitioner bears the burden of proof and must establish the claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

### I. *Johnson* and *Dimaya*

Armstrong's claim that *Johnson* and *Dimaya* have effectively invalidated her § 924(c) conviction lacks merit. Section 924(c) defines a "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3) (2018). The former provision is commonly referred to as the "force clause"; the latter, as the "residual clause." In *Johnson*, the United States Supreme Court held that a similar residual clause in the definition of a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. In *Dimaya*, the Court held that the residual clause applicable to the Immigration and Nationality Act's definition of "aggravated felony," as stated in 18 U.S.C. § 16(b), is likewise unconstitutionally vague. *Dimaya*, 138 S. Ct. at 1215-16. In January 2019, the United States Court of Appeals for the Fourth Circuit held that the residual clause of the definition of "crime of violence" under § 924(c) is also unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 236 (4th Cir. 2019).

These rulings have no impact on Armstrong's conviction. *Johnson* and its progeny have found residual clauses unconstitutionally vague where they define a crime of violence or similar term as including offenses for which there is a "substantial risk" that physical force will be used. Here, Armstrong's predicate "crime of violence" underlying her § 924(c) conviction was armed bank robbery, 18 U.S.C. § 2113(a), (d). Since *Johnson*, the Fourth Circuit has held that federal bank robbery is a crime of violence under § 924(c) pursuant to the force clause, 18 U.S.C. § 924(c)(3)(A), because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016). This holding applied to both § 2113(a) and § 2113(d). *Id.* Where armed bank robbery's status as a crime of violence for purposes of § 924(c) relies on the force clause and not the residual clause, the claim that *Johnson* and *Dimaya* effectively invalidate Armstrong's § 924(c) conviction fails.

## II.    Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution affords a criminal defendant the right to "Assistance of Counsel." U.S. Const. amend. VI. The Supreme Court has stated that "assistance which is ineffective in preserving fairness [of a trial] does not meet the constitutional mandate." *Mickens v. Taylor*, 535 U.S. 162, 166 (2002). A petitioner alleging ineffective assistance of counsel in violation of the Sixth Amendment must ordinarily meet the standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this standard, the petitioner must show both deficient performance and prejudice—that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.* at 687, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

In asserting ineffective assistance of counsel, Armstrong advances two claims: (1) her trial counsel was ineffective because he did not argue that her 2010 conviction in the United States District Court for the District of Columbia of armed bank robbery does not constitute a crime of violence for purposes of the career offender enhancement of the United States Sentencing Guidelines, U.S.S.G. § 4B1.1(a); and (2) he did not argue mitigating factors at sentencing.

The definition of a "crime of violence" under the career offender provision of the Guidelines is an offense punishable by imprisonment for more than one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," or (2) "is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion," or certain firearm or explosives offenses. U.S.S.G. § 4B1.2(a). The first prong, the force clause, closely mirrors the force clause in the definition of "crime of violence" under § 924(c). *See* 18 U.S.C. § 924(c)(3)(A). As discussed above, the Fourth Circuit has held that federal armed bank robbery is a crime of violence under the force clause of § 924(c). *McNeal*, 818 F.3d at 157. In so ruling, the court noted that the § 924(c) force clause is "nearly identical" to the force clause under U.S.S.G § 4B1.2(a), and that the Fourth Circuit had previously held that federal bank robbery under 18 U.S.C. § 2113(a) is a crime of violence, based on the force clause, for purposes of the career offender enhancement. *McNeal*, 818 F.3d at 152 (citing *United States v. Davis*, 915 F.2d 132, 133 (4th Cir. 1990)). Under these circumstances, the Court finds that based on the reasoning of *McNeal*, federal bank robbery is a crime of violence for career offender purposes.

Although Armstrong argues that the limitations on the modified categorical approach imposed by *Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016), could allow for a finding that federal bank robbery is not a crime of violence because at least one form of it may not have force

as an element, *see* 18 U.S.C. § 2113(a) (including as bank robbery entering a bank with the intent to commit any felony affecting the bank), several United States Courts of Appeals have, since *Mathis*, treated the form of federal bank robbery requiring force, violence, or intimidation, 18 U.S.C. § 2113(a), as divisible and have found that it is a crime of violence for purposes of the career offender enhancement under either the force clause or the enumeration clause of U.S.S.G. § 4B1.2(a)(2), which includes in its definition crimes that meet the generic definition of robbery. *See, e.g., United States v. Moore*, 916 F.3d 231, 239 (2d Cir. 2019) (finding that federal bank robbery is a crime of violence because it meets the generic definition of robbery); *United States v. Ellison*, 866 F.3d 32, 35 (1st Cir. 2017) (holding that federal bank robbery is a crime of violence under the force clause); *United States v. Wilson*, 880 F.3d 80, 84-85 (3d Cir. 2018). Here, Armstrong was charged under the force, violence, or intimidation form of § 2113(a). Moreover, Armstrong's prior conviction was for *armed* bank robbery, under 18 U.S.C. § 2113(d), which unquestionably is a crime of violence because it requires that the defendant "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device[.]" 18 U.S.C. § 2113(d). Thus, any failure by trial counsel to argue that Armstrong's prior federal armed bank robbery conviction was not a crime of violence was neither deficient performance nor prejudicial to Armstrong.

Finally, Armstrong argues that her trial counsel was ineffective because he failed to argue mitigating factors, specifically, her mental health issues. In fact, with his sentencing memorandum, trial counsel submitted under seal a 24-page mental health evaluation from Dr. Neil Blumberg that diagnosed Armstrong with several mental health conditions. ECF No. 45-3. At the sentencing, although understandably refraining from discussing such sensitive personal information in open court, trial counsel referenced Dr. Blumberg's report several times, addressed

her "mental health struggles" from childhood and through a family tragedy, and discussed other mitigating factors such as her record as a "model prisoner" and her post-offense rehabilitation. Sentencing Tr. 15-19, ECF No. 55-2. The Court, in fact, relied in part on the presentation about her mental health issues in granting a significant downward variance, from a Guidelines range of 292 to 365 months to a 168-month sentence (14 years) that was in the lower part of the jointly recommended sentencing range, as part of a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), of 13 to 18 years. *Id.* at 23-24. Where the Court relied on trial counsel's presentation in granting a downward variance and lenient sentence, the Court finds that trial counsel's performance on this issue was neither deficient nor prejudicial to Armstrong. The Court will therefore deny the Motion as to ineffective assistance of counsel.

## III. Certificate of Appealability

Armstrong has no absolute entitlement to appeal a district court's denial of the Motion. See 28 U.S.C. § 2253(c)(1)(B). To appeal this Court's denial of the Motion, Armstrong must obtain a certificate of appealability ("COA"). *Id.* A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court reaches the merits, as it has here, a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Armstrong has made no such showing, this Court will not issue a COA. Although this Court declines to issue a COA, Armstrong may still seek a COA from the Fourth Circuit. *See* Fed. R. App. P. 22(b)(1) (stating that if a district judge denies a COA, a petitioner "may request a circuit judge to issue it").

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Armstrong's Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 50, is DENIED.

2. The Court DECLINES to issue a certificate of appealability.

3. The Clerk shall CLOSE these cases.

Date: December 19, 2019

THEODORE D. CHUANG
United States District Judge