## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IESHA NICOLE ARMSTRONG,<br><br>Defendant. | Criminal Action No. TDC-16-0601 |

## MEMORANDUM ORDER

Pending before the Court is Defendant Iesha Nicole Armstrong's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 61. After pleading guilty to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), Armstrong was sentenced on February 9, 2018 to a total of 168 months of imprisonment to be followed by five years of supervised release. Armstrong is presently designated to the Federal Medical Center Carswell ("FMC-Carswell") in Fort Worth, Texas and scheduled to be released on October 21, 2028. In her Motion, Armstrong seeks a reduction of her sentence under a statutory provision commonly referred to as the "compassionate release" provision because of the COVID-19 pandemic and her personal medical conditions.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018,

the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1)   in any case that—
>
> (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)   extraordinary and compelling reasons warrant such a reduction;
>
> \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

*Id.* Armstrong has submitted proof that she has satisfied the requirement to exhaust administrative remedies because she submitted a request for compassionate release to the Warden of her prison that was received on May 8, 2020, and more than 30 days have elapsed since that submission. Mot. Exs. A, B, ECF Nos. 61-1, 61-2; *see also* 18 U.S.C. § 3582(c)(1)(A). Armstrong now argues that the COVID-19 pandemic presents "extraordinary and compelling reasons" that justify a sentence reduction to time served. 18 U.S.C. § 3582(c)(1)(A)(i).

The COVID-19 pandemic can present extraordinary and compelling reasons to warrant a sentence reduction under certain circumstances, such as where a defendant has a medical or other condition that creates a high risk of death or severe illness from COVID-19 and the defendant is incarcerated at a prison with a particularly high incidence of COVID-19. Armstrong, who is 42

years old, has had diabetes since 2010 and receives regular insulin injections. Presentence Investigation Report ("PSR") ¶ 69, ECF No. 39. She also has a history of hypertension. *Id.* Although she has not provided evidence identifying her particular type of diabetes, Type-2 diabetes increases the risk of severe illness from COVID-19, and Type-1 diabetes "may increase" that risk. *See People with Certain Medical Conditions*, U.S. Ctrs. For Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#diabetes (last visited Aug. 8, 2020). Hypertension also may increase the risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, U.S. Ctrs. For Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions (last visited Aug. 8, 2020). Moreover, FMC-Carswell, at which Armstrong is incarcerated, has been seriously impacted by COVID-19. As of August 8, 2020, there were 31 positive cases of COVID-19 among inmates, and four such cases among staff, placing it in the top 15 BOP facilities in terms of the number of active cases. Since the beginning of the pandemic, 512 other inmates and one other staff member at FMC-Carswell have had COVID-19 and recovered, and four inmates have died, placing the prison among the top eight BOP facilities for overall COVID-19 cases. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Aug. 8, 2020). Where Armstrong has high-risk medical conditions and is incarcerated in a prison seriously impacted by COVID-19, the Court finds that she has satisfied the requirement of "extraordinary and compelling reasons" to permit consideration of a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

Even when extraordinary and compelling reasons are present, however, the Court must still consider the factors in 18 U.S.C. § 3553(a) in assessing whether a sentence reduction is warranted.

3

18 U.S.C. § 3582(c)(1)(A)(i). Upon careful consideration of those factors, the Court will not grant such a reduction. The nature and circumstances of the offenses of conviction consisted of an armed bank robbery on October 21, 2016 in which Armstrong brandished a loaded firearm and pointed it at three bank employees, forced them to surrender over $12,000 in cash, and then led the police on a high-speed chase for 13 minutes before she crashed the car and fled on foot with the gun in one hand. PSR ¶¶ 13-16. As for her history and characteristics, Armstrong has a 2010 conviction for armed bank robbery, also involving the pointing of a firearm at a bank employee, from the United States District Court for the District of Columbia that resulted in an 84-month sentence. PSR ¶ 44. She was on supervised release for that conviction when she committed the present armed robbery. Armstrong also has two prior drug distribution convictions, one involving phencyclidine ("PCP") and one involving crack cocaine. PSR ¶¶ 39, 41. For purposes of her present sentence, Armstrong was in criminal history category IV. PSR ¶ 47. Although she has had mental health challenges, the extremely serious nature of this crime and Armstrong's prior history of violent and drug trafficking offenses warranted a significant sentence. Indeed, in the plea agreement, Armstrong agreed to a recommendation of a sentence of at least 156 months, or 13 years.

Where Armstrong was taken into custody for the present offense on October 22, 2016, she has served only approximately 45 months on her sentence of 168 months, a period of time that is well below the mandatory minimum seven-year sentence on the § 924(c) conviction. 18 U.S.C. § 924(c)(1)(A)(ii); PSR ¶ 84. Even considering the compelling circumstances of the threat to Armstrong posed by COVID-19, the Court finds that in light of the violent nature of the offenses of conviction and the direct threat Armstrong posed to others by pointing a firearm at bank personnel and engaging in high-speed flight, Armstrong's prior history of armed bank robbery, and the fact that she committed this offense while on supervised release for her prior bank robbery

4

conviction, a sentence of time served would be insufficient to meet the purposes of sentencing to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes. 18 U.S.C. § 3553(a). Armstrong's self-reported positive history of post-offense rehabilitation, while commendable, is insufficient to alter this conclusion. Accordingly, the Court will deny the Motion.

While the Court is very concerned about the particular threat of COVID-19 to Armstrong's health and well-being in light of her high-risk medical conditions and the presence of a substantial number of COVID-19 cases at FMC-Carswell, the appropriate remedy under the present circumstances would be for the BOP to transfer Armstrong to another facility where COVID-19 is not present. Although Armstrong committed a serious crime and release is not presently appropriate, she does not deserve to live under the specter of a potentially deadly threat from a disease to which she is particularly vulnerable. The Court therefore strongly recommends that the BOP review Armstrong's case and, if feasible, take steps to effectuate such a transfer.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Armstrong's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 61, is DENIED.

Date: August 10, 2020

THEODORE D. CHUANG
United States District Judge