**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| IESHA NICOLE ARMSTRONG, | Criminal Action No. TDC-16-0601 |
| Defendant. | |

**MEMORANDUM ORDER**

On August 10, 2020, this Court denied Defendant Iesha Nicole Armstrong's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("the First Motion"). On September 2, 2020, Armstrong filed another Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("the Second Motion"), which the Court construes as a Motion for Reconsideration of the Court's ruling on the First Motion. ECF No. 64. In the Second Motion, Armstrong again seeks release from her 168-month total sentence for bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), under the statutory provision commonly referred to as the "compassionate release" provision because of the COVID-19 pandemic, its impact at the prison at which she is incarcerated, and her personal medical conditions.

Where the Second Motion was filed only three weeks after the Court's ruling on the First Motion, the Court finds no reason to revisit its prior analysis except to the extent that circumstances have changed since the ruling on the First Motion. Accordingly, the Court relies on and incorporates into this Memorandum Order the factual background and legal analysis set forth in its Memorandum Order on the First Motion. ECF No. 62. In particular, the Court adopts and

relies on its prior analysis of Armstrong's general medical conditions; the conditions at her prison, FMC-Carswell; and the 18 U.S.C. § 3553(a) factors, as Armstrong has offered no persuasive basis for the Court to revise its conclusions on those issues.

The Court therefore focuses on the changed circumstances identified by Armstrong in the Second Motion.  Although Armstrong provides additional details about adverse conditions at FMC-Carswell, including recent deaths from COVID-19, the impact of COVID-19 at that prison has not changed significantly since that time and may have improved.  As of August 8, 2020, there were 31 positive cases of COVID-19 among inmates, and four such cases among staff, at FMC-Carswell.  First Mot. Mem. Order at 3, ECF No. 62.  Since the beginning of the pandemic, 513 inmates and staff members at FMC-Carswell had contracted COVID-19 and recovered, and four inmates had died.  *Id.*  Presently, there are only two active cases among inmates and three active cases among staff, while there have been a total of 523 inmates and staff who had COVID-19 and recovered, and six inmates who have died.  *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 8, 2020).  Where the Court already considered the significant presence of COVID-19 at FMC-Carswell in its earlier ruling, the present conditions at FMC-Carswell do not provide a basis to alter that determination.

The other changed circumstance is the fact that Armstrong tested positive for COVID-19 on or about July 15, 2020, after the filing of the First Motion, and had "extreme fatigue, dry cough, severe headaches, and shortness of breath."  Second Mot. at 5, ECF No. 64.  Although it is very unfortunate that Armstrong has had to endure COVID-19, its impact has not been as significant as it could have been, given her medical conditions.  In light of the limited impact of Armstrong's apparent exposure, the new information provided by Armstrong does not provide a basis to alter the Court's prior conclusion.

In resolving the First Motion, the Court recognized Armstrong's high-risk medical conditions and the significant presence of COVID-19 at FMC-Carswell, but it concluded that release at this time would be inconsistent with the factors in 18 U.S.C. § 3553(a), including the serious and violent nature of the offenses of conviction and Armstrong's prior criminal history including other violent crimes.  None of the information offered in the Second Motion provides a basis to alter that conclusion.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Armstrong's Second Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 64, is DENIED.


Date:   October 8, 2020                                  /s/ *Theodore D. Chuang*
                                                        THEODORE D. CHUANG
                                                        United States District Judge