UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

IESHA NICOLE ARMSTRONG,

Defendant.

Criminal Action No. TDC-16-0601

**MEMORANDUM ORDER**

For the fifth time, Defendant Iesha Nicole Armstrong has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("the Fifth Motion"). ECF No. 100. After pleading guilty to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), Armstrong was sentenced on February 9, 2018 to a total of 168 months of imprisonment to be followed by five years of supervised release. Armstrong is presently designated to the Federal Correctional Institution Aliceville ("FCI-Aliceville") in Aliceville, Alabama and is scheduled to be released on October 21, 2028. In her Motion, Armstrong seeks a reduction of her sentence under a statutory provision commonly referred to as the "compassionate release" provision because of the alleged lack of adequate medical care at her former prison, the Federal Correctional Institution Hazelton in Bruceton Mills, West Virginia ("FCI-Hazelton"), and the need to care for her mother.

Upon receiving the Motion, the Court forwarded it the Office of the Federal Defender for the District of Maryland ("OFD") and requested notification of whether the OFD would seek to enter an appearance on behalf of Armstrong and submit additional briefing. The OFD declined to do so.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1)   in any case that—
>
>     (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>         (i)   extraordinary and compelling reasons warrant such a reduction;
>
>         \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

*Id.*

The present Motion is Armstrong's fifth attempt to achieve early release from her 14-year sentence under the compassionate release provision. The Court denied the first two, on August 10, 2020 and October 8, 2020, and the United States Court of Appeals for the Fourth Circuit affirmed the Court's rulings on December 29, 2021. The Court also denied the third motion on

June 1, 2022, and denied her fourth motion, a motion for reconsideration of that ruling, on September 20, 2022. The Court incorporates its four prior rulings herein by reference. ECF Nos. 62, 69, 95, 99.

I.     **Exhaustion of Administrative Remedies**

Armstrong has submitted proof that she has satisfied the requirement to exhaust administrative remedies, and the Government agrees that she has done so as to the issue of her need to care for her mother. A review of the submitted materials confirms the Government's assertion that her request to the BOP referenced only her need to care for her mother and did not assert the allegedly inadequate medical care as a basis for compassionate release. Where these asserted grounds are entirely separate and involve distinctly different issues, the Government fairly argues that Armstrong has failed to exhaust administrative remedies as to her claim based on medical care. Even if Armstrong can be deemed to have exhausted administrative remedies as to all arguments, as discussed below, the Motion will be denied on the merits.

II.    **Extraordinary and Compelling Reasons**

Armstrong argues that her personal medical conditions present "extraordinary and compelling reasons" that justify compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). As with her earlier motions, she asserts that she has various health conditions, in this instance, type 2 diabetes, high blood pressure, recently diagnosed glaucoma, and mental health conditions. Where Armstrong filed the Fifth Motion before November 1, 2023, the Court does not take the view that the new policy statement in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 formally applies, but it is instructive on the kind of medical conditions that could constitute extraordinary and compelling reasons. As described, none of Armstrong's conditions are at a point at which they satisfy the description of medical conditions that could constitute extraordinary and

compelling reasons under U.S.S.G. § 1B1.13(b)(1)(A) or (B). Armstrong has focused on the alleged lack of adequate diabetes care, which, if severe, could constitute a "medical condition that requires long-term or specialized care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). However, although she has leveled numerous allegations against a nurse at FCI-Hazelton relating to an alleged failure to provide insulin on certain occasions, Armstrong was transferred to a new prison, FCI-Aliceville, so any problems with the care at FCI-Hazelton no longer apply. Notably, Armstrong submitted her reply brief after her transfer to FCI-Aliceville and does not describe the same problem at that location. Though she is still complaining about medical care relating to her other conditions, her assertions are too general and non-specific that the Court cannot find either that she has described a medical condition sufficiently severe that it falls within one of the categories in U.S.S.G. § 1B1.13(b)(1), or that it otherwise constitutes an extraordinary and compelling reason to warrant compassionate release.

As for Armstrong's claim that her need to care for her mother constitutes an extraordinary and compelling reason, she asserts that her mother has congestive heart disease and needs regular care, that her stepfather has medical conditions that prevent him from fully caring for her, and that her brother lives three hours away and cannot provide regular care. "The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" can establish an extraordinary and compelling reason. U.S.S.G. § 1B1.13(b)(3)(C). Though not strictly bound by this definition, the Court does not find that Armstrong has established that her mother, while having a medical condition, is incapacitated, or that Armstrong is the only available caregiver, where she has acknowledged that her stepfather has some capacity to assist and she has identified other relatives without fully explaining why they cannot provide care or make

4

arrangements for care. The Court therefore finds that Armstrong has not established extraordinary and compelling reasons that would permit consideration of compassionate release.

### III.   18 U.S.C. § 3553(a)

Even if there were extraordinary and compelling reasons sufficient to support a sentence reduction, the Court must still consider the factors in 18 U.S.C. § 3553(a) in assessing whether a sentence reduction is warranted. 18 U.S.C. § 3582(c)(1)(A)(i). Although some time has passed since the Court's last denial, the Court continues to conclude that early release would be inconsistent with these factors. The nature and circumstances of the offenses of conviction consisted of an armed bank robbery on October 21, 2016 in which Armstrong brandished a loaded firearm and pointed it at three bank employees, forced them to surrender over $12,000 in cash, and then led the police on a high-speed chase for 13 minutes before she crashed the car and fled on foot with the gun in one hand. PSR ¶¶ 13–16, ECF No. 39. As for her history and characteristics, Armstrong has a 2010 conviction for armed bank robbery, also involving the pointing of a firearm at a bank employee, from the United States District Court for the District of Columbia that resulted in an 84-month sentence. *Id.* ¶ 44. She was on supervised release for that conviction when she committed the present armed robbery. Armstrong also has two prior drug distribution convictions, one involving phencyclidine, or PCP, and one involving crack cocaine. *Id.* ¶¶ 39, 41. For purposes of her present sentence, Armstrong was in criminal history category VI. *Id.* ¶¶ 48, 86. Although she has had mental health challenges, the extremely serious nature of this crime and Armstrong's prior history of violent and drug trafficking offenses warranted a significant sentence. Indeed, in the plea agreement, Armstrong agreed to a recommendation of a sentence of at least 156 months, or 13 years. *Id.* ¶ 88.

At present, Armstrong has served only approximately 88 months on her sentence of 168 months, a period of time that is only 52 percent of the total sentence. Such a sentence, even with home confinement added as a condition of supervised release, and even considering the more difficult conditions of incarceration during the COVID-19 pandemic, is insufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes. 18 U.S.C. § 3553(a). It is also so low that it would create unwarranted disparities with other defendants who have committed similar crimes, particularly with those who, like Armstrong, committed an armed bank robbery for the second time and while on supervised release. Although Armstrong has asserted that she has a positive history of post-offense rehabilitation and that she is remorseful for her crime, these positive additions to her history and characteristics do not alter the Court's broader conclusion. Accordingly, even if Armstrong could be deemed to have established that the requirement of an extraordinary and compelling reason has been satisfied, the Court will deny the Motion on the grounds that relief is not consistent with the § 3553(a) factors.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Armstrong's Fifth Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 100, is DENIED.

Date:  March 13, 2024

THEODORE D. CHUANG
United States District Judge